(159 App. Div. 311.)

DRUMMOND, Com'r of Public Charities, v. SIANO.

(Supreme Court, Appellate Division, First Department. November 28, 1913.)

1. APPEAL AND ERROR (§ 648*)—RECORDS—AMENDMENT OR CORRECTION.

  After the record on appeal is filed in the Appellate Division, it is for that court to correct it if it is improper, and an order of the trial court assuming to correct it is ineffective for any purpose.

  [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2803–2806; Dec. Dig. § 648.*]

2. APPEAL AND ERROR (§ 799*)—RECORDS—MATTERS TO BE INCLUDED.

  An appeal to the Appellate Division must be heard upon the record as it existed at the time the appeal was taken, and nothing thereafter done may be inserted therein, and if the respondent wants to dismiss the appeal because of anything appearing outside the record or after the taking of the appeal, he must show the fact by affidavit.

  [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3158–3160; Dec. Dig. § 799.*]

Appeal from Special Term, New York County.

Action by Michael J. Drummond, Commissioner of Public Charities of the City of New York, on complaint of Annie Slesck against Charles Siano. From a judgment against him, defendant appeals. On motion to return the record to the Court of Special Sessions for correction. Motion denied.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOWLING, and HOTCHKISS, JJ.

Herman Stiefel, of New York City, for the motion.
Achille J. Oishei, of New York City, opposed.

PER CURIAM. The defendant was tried May 8, 1913, before the Court of Special Sessions, on the charge of being the father of a bastard child, and thereupon adjudged that defendant was the father

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of the child, and ordered and required to pay $2 a week toward the support and maintenance of the said child, and to give a bond in the sum of $200, and in default thereof the defendant was committed in the city prison. On May 12, 1913, the defendant appealed to this court from that judgment.

That appeal was made up of record as it then appeared, and certified by the clerk and filed in this court. Subsequently it appeared that defendant, or some one in his behalf, had deposited $200, to secure the defendant's liberation, and a motion was made at Court of Special Sessions to correct the case on appeal, by inserting therein that fact. The Court of Special Sessions assumed to correct the record in this court, and directed the return of the original record filed here to have statement of that fact inserted in the record.

[1] After a return is filed in this court it is for this court to correct the record if it is improper, and the order of the Court of Special Sessions, assuming to correct the record is ineffective for any purpose.

[2] The question is, whether a fact appearing subsequent to the taking of the appeal shall appear as part of the record on which the case is to be heard in this court. We think the case is to be heard here upon the record as it existed at the time the appeal was taken, and if plaintiff wants to dismiss the appeal for any reason appearing outside of the record, or after the appeal was taken, the proper practice is for him to submit an affidavit setting forth that fact. As the record appears to be a correct record of the trial and the judgment at the time the appeal was taken, it would be impossible to insert in it the statement as to anything that was done after the appeal was taken.

This motion must be denied.